# United States District Court
# Middle District of Louisiana

CHRISTOPHER LOWERY,
DAROLD HINES

                Plaintiffs,

– Versus –

STATE OF LOUISIANA,
DEPARTMENT OF CORRECTIONS;
JAMES LEBLANC, in his official
capacity as Secretary of the Department
of Corrections; and DARREL
VANNOY, in his official capacity as
Warden of the State Penitentiary at
Angola.

                Defendants.

NUMBER:

JUDGE:

MAGISTRATE JUDGE:

## **COMPLAINT**

1. This is an action under 42 U.S.C. §§ 1983 and 1988. Complainants CHRISTOPHER LOWERY AND DONALD HINES (hereinafter, "Complainants") seek declaratory relief and an injunction barring JAMES LEBLANC, in his official capacity as Secretary of the Louisiana Department of Corrections, the STATE OF LOUISIANA, and DARREL VANNOY, in his official capacity as Warden at the Louisiana State

2. Penitentiary at Angola ("Angola") from enforcing an unconstitutional restraint on freedom of speech on issues of public concern.

2. The Department of Corrections' policy on interviewing prisoners at Angola Prison states that "Interview requests that would focus on the details of the offender's crime shall not be granted, as the Department must be cognizant of the effect of such an interview on crime victims and their families." *See* Exhibit A.

3. This policy is an unconstitutional restriction on Mr. Lowery's ability to report on issues of public concern, and on Mr. Hines' ability to speak and to seek post-conviction relief, and is therefore a violation of the United States Constitution, particularly, the First and Fourteenth Amendments, and the Louisiana State Constitution, particularly, Article 1, Sections 7 and 9.

4. Similarly, Angola's internal policies and/or directives disallow "media" representatives on prisoners' approved visitation lists.

5. Angola's policies and/or directives regarding media access to prisoners are an unconstitutional, content-based restriction on Mr. Lowery's ability to report on issues of public concern, and on Mr. Hines' ability to speak and to seek post-conviction relief, and is therefore a violation of the United States Constitution, particularly, the First and Fourteenth

Amendments, and the Louisiana State Constitution, particularly, Article 1, Sections 7 and 9.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction in this matter under 28 U.S.C. §§ 1331 (federal question), § 1343 (civil rights), and § 2201 (Declaratory Judgment Act).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all the events or omissions complained of occurred in this district, and all Defendants are located in this district.

8. Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## THE COMPLAINANTS

9. Complainant CHRISTOPHER LOWERY is a resident of Baton Rouge, Louisiana and a graduate of the Manship School of Communication at Louisiana State University ("LSU"), wherein he participated in the "Wrongful Conviction Project" as project coordinator.

10. Complainant DAROLD HINES is a prisoner at Angola. He was convicted on charges stemming from the July 27, 1994 fatal shooting of Brian Matthew LeJeune at a Circle-K convenience store in Plaquemine,

Louisiana. Mr. Hines maintains his innocence and believes he was wrongfully convicted.

## THE DEFENDANTS

11. Defendant STATE OF LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (the "DOC") is an instrumentality of the State of Louisiana, maintaining the right and power to sue and be sued. It is charged with overseeing the custody and care of offenders in Louisiana. At all relevant times, the DOC operated Angola. The DOC can be served at 504 Mayflower Street, Baton Rouge, LA 70802.

12. Defendant JAMES LEBLANC is the Secretary of DOC. In his capacity as Secretary, he is responsible for the functioning and control of all programs within the Department. He formulates rules and regulations and determines policy regarding operations, including the DOC policy complained of herein. By law, LeBlanc is responsible for protecting the constitutional rights of all persons held in DOC custody. At all relevant times, LeBlanc acted under color of law and as the agent and official representative of DOC. He can be served at 504 Mayflower Street, Baton Rouge, LA 70802.

13. Defendant DARREL VANNOY is the Warden at Angola. In this capacity, he exercises operational control over Angola by making

administrative and policy decisions. He formulates rules and regulations and determines policy regarding operations, including the Angola policy complained of herein. By law, he is responsible for protecting the constitutional rights of all prisoners at Angola. At all relevant times, Vannoy acted under color of law and as the agent and official representative of DOC. Warden Vannoy can be served at 17544 Tunica Trace, Angola, LA 70712.

## **FACTUAL ALLEGATIONS**

14. For nearly two years, Darold Hines and Christopher Lowery have been trying to arrange an in-person interview to discuss Mr. Hines' conviction with the aim of seeking or assisting Mr. Hines' post-conviction relief.

15. On December 14, 2015, Mr. Hines submitted a "Request For Changes to Approved Visiting List" in which he sought to add visitors including Mr. Lowery and James Shelledy, former LSU Professor.

16. On January 20, 2016, Mr. Hines received notice of his request's denial, which noted Mr. Lowery was denied because Mr. Lowery was "not allowed under present penitentiary rules."

17. On February 2, 2016, Mr. Lowery wrote to inform Mr. Hines that requests to interview Mr. Hines were denied "based on recent disciplinary infractions."

18. Notably, other visitors Mr. Hines had requested were approved at the same time that Mr. Lowery and Mr. Shelledy were denied.

19. On June 14, 2016, Mr. Hines submitted another visitation request for Mr. Shelledy and Mr. Lowery.

20. On June 24, 2016, Adult Reception and Diagnostic Center Manager Amber Vittorio sent a letter to Mr. Hines explaining that his request would "not be processed or approved." Citing the January 20, 2016, denial, she noted that Messrs. Shelledy and Lowery "were not approved under Institution Policy. Both individuals indicated on their application that they were visiting in an interviewing or professional manner, not as a regular visitor. MEDIA is not allowed on your approved waiting list."

21. The "Institution Policy" referenced in Ms. Vittorio's letter was not specified, and Mr. Hines was not given an explanation for the denial.

22. On September 25, 2016, Mr. Shelledy sent a letter to Ken Pastorick, communications director of the DOC, in which he formally requested an interview with complainant Darold Hines. *See* Exhibit B. Prof. Shelledy made the request on behalf of complainant Christopher Lowery, a graduate student working for LSU's Wrongful Conviction Project.

23. On September 26, 2016, Mr. Pastorick responded by electronic mail and denied the interview request. *See* Exhibit C. Mr. Pastorick cited a DOC

policy, Regulation No. C-01-013, which he quoted as saying, "Interview requests that would focus on the details of the offender's crime shall not be granted, as [DOC] must be cognizant of such an interview on crime victims and their families."

24. As a result of this denial, Mr. Lowery has been unable to interview Mr. Hines concerning his alleged crimes. Mr. Hines has been unable to discuss the circumstances of his conviction with Mr. Lowery.

25. On March 10, 2017, Mr. Hines sought to appeal Angola's decision to deny his visitors by filing an Administrative Remedy Procedure ("ARP"). Angola, through Ms. Vittorio, denied the appeal by letter, citing "Penitentiary Directive No. 16.003." The letter states, "You were informed of their denial by the visitation department indicating they were not allowed under present penitentiary rules, no explanation is required."

26. Mr. Hines attempted to appeal this rejection further, proceeding to the second step of the ARP process and seeking administrative review.

27. On a final denial dated July 31, the DOC, through Mr. LeBlanc or his designee, asserted that Mr. Hines claimed Messrs. Shelledy and Lowery were "friends" but "were actually requesting to visit in an 'Interviewer' and 'Professional' manner." Mr. Hines was instructed that, to add the two

    individuals to his approved visitor list, his "request for media access must be directed through the Assistant Warden of Programming."

28. Angola continues to refuse to allow Mr. Hines to meet with Mr. Lowery and/or Mr. Shelledy in any capacity.

29. As a result of this denial, Mr. Lowery has been unable to interview Mr. Hines concerning his alleged crimes. Mr. Hines, who asserts that he was wrongfully convicted, has been unable to discuss the circumstances of his conviction with Mr. Lowery.

30. The DOC's denial of Mr. Lowery's attempts to interview Mr. Hines, together with Angola's denial of Mr. Hines' attempts to allow Mr. Lowery's visitation, represent a concerted effort by both institutions to obstruct and prevent any meeting between the two.

## CAUSES OF ACTION

### First Claim
(*The First Amendment: the Policies are a content-based restriction on speech*)

31. Complainants re-allege and re-incorporate the above allegations.

32. For ease of reference, the above-cited DOC policy and internal Angola directive/policy shall be referred to as "the Policies," but each and every claim contained herein applies equally to both.

33. The Policies are a content-based restriction on free speech that prevent prisoners such as Complainant Hines from discussing their alleged crimes with media representatives, such as Complainant Lowery. This restriction impinges media representatives' ability to report on issues of public concern, and on prisoners' ability to speak and to seek post-conviction relief.

34. Because the policies are content-based, they are subject to strict scrutiny.

35. The State of Louisiana, DOC and Angola have no compelling interest in preventing prisoners from discussing their alleged crimes with media representatives, nor can they have a compelling interest in prohibiting the Complainant Lowery from participating in an interview of Hines.

36. DOC and Angola have no penological interest in preventing prisoners from discussing their alleged crimes with media representatives.

37. Even if DOC and Angola had a penological interest in limiting the subject matters that prisoners can discuss with media representatives, the Policies are not so narrowly tailored that no less-restrictive measure would satisfy their purported interest in infringing on the free-speech rights of prisoners and media representatives.

38. In addition, Lowrey and the public have a right to receive information which Hines has and is of public concern.

39. As such, the Policies are unconstitutional under the First Amendment.

## SECOND CLAIM
### *(First Amendment: The Policies are Vague)*

40. Complainants re-allege and reincorporate the above allegations.

41. The Policies are unconstitutionally vague, as they provide no clear guidance to the Defendants, thereby encouraging arbitrary or selective enforcement, as has been noted by Complainants.

42. Complainants' speech has been chilled and unconstitutionally restricted due to the vague language in the Policies.

43. The Policies are therefore unconstitutionally vague: facially and as-applied.

## THIRD CLAIM
### *(First Amendment: The Policies are Overbroad)*

44. Complainants re-allege and reincorporate the above allegations.

45. The Policies have no legitimate sweep.

46. If the Policies had a legitimate sweep, which is denied, it would be substantially overbroad because, in general, it bans a substantial amount of protected speech relative to any legitimate sweep.

47. The Policies are also overbroad as-applied, because Complainants are targeted for engaging in protected speech that falls outside any legitimate sweep of the Policies.

## FOURTH CLAIM
### *(First Amendment: The Policies are a Prior Restraint)*

48. Complainants re-allege and reincorporate the above allegations.

49. The language in the DOC Policy which vaguely prohibits interviews that "would focus on the details of the offender's crime" is an unconstitutional prior restraint on speech which is presumptively unconstitutional under the United States Constitution and the Louisiana Constitution.

50. Similarly, Angola's internal Policy that prevents media contact with prisoners is an unconstitutional prior restraint on speech which is presumptively unconstitutional under the United States Constitution and the Louisiana Constitution.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Complainants CHRISTOPHER LOWERY and DAROLD HINES, having no other adequate remedy at law, pray that this Honorable Court grant the following:

1. An injunction barring Defendants and their agents from enforcing the Policies;

2. A declaratory judgment that the Policies are unconstitutional;

3. Nominal damages for violation of constitutional rights;

4. Reasonable attorneys' fees, expenses and costs under 42 U.S.C. § 1988 and any other applicable law; and

5. Any other equitable and additional relief which the Court deems proper.

Respectfully Submitted,

*/s/ Scott L. Sternberg*_____
SCOTT L. STERNBERG, La. Bar No. 33390
Sternberg, Naccari & White, LLC
643 Magazine Street, Suite 402
New Orleans, Louisiana 70130
Telephone: 504.324.2141
Facsimile:  504.534.8961
Email: scott@snw.law
*Counsel for Christopher Lowery*

*/s/ Bruce Hamilton*_____
BRUCE HAMILTON, La. Bar No. 33170
ACLU Foundation of Louisiana
P.O. Box 56157
New Orleans, Louisiana 70156
Telephone: (504) 522-0628 | Fax: (504) 613-6511
Email: bhamilton@laaclu.org

*AND*

Mary Ellen Roy, La. Bar No. 14388
Ashley J. Heilprin, La. Bar No. 34928
ACLU Foundation of Louisiana
Cooperating Attorneys
PHELPS DUNBAR LLP

365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: (504) 566-1311
Fax: (504) 568-9130
Email: roym@phelps.com
heilpria@phelps.com
*Counsel for Darold Hines*